The case for argument is United States v. Flores-Martinez. Good morning. May it please the Court. My name is Amanda Lavin. I'm an assistant federal defender in Albuquerque, New Mexico, and I represent the appellant, Mr. Flores-Martinez. Now, when Mr. Flores-Martinez was sentenced on his conviction for violation of 18 United States Code 1326, or illegal reentry, and then was subsequently sentenced for a violation of his term of non-reporting supervised release, which violation actually constituted the subject of the illegal reentry conviction, Mr. Flores-Martinez was denied the opportunity to have a concurrent sentence. The sentencing judge did not appreciate its discretion to make Mr. Flores-Martinez's sentence either consecutive or concurrent. And you rely on that by the use of the word directed in the sentencing transcript. Not only that, Your Honor, the sentencing judge did say that he is directed by the policy statement in the Guidelines 7B1.3 to run the supervised release sentence consecutive to the underlying. But also, again, after I, when he explained his sentence, he again said, until the sentencing commission wishes to change its stance on that, I believe is an appropriate sentence. But he didn't just say directed, he said recommended and directed, right? He said recommended and directed, but I think in context, Your Honor, when we look at that with the rest of that sentence, when he said, and until the sentencing commission changes their stance, that's how I'm going to sentence, essentially, he's treating that guideline policy as mandatory. Well, he otherwise, in another part of the transcript, he states that the guidelines are not mandatory, right? He acknowledges that he understands that he's not bound by the guidelines. I agree that he did acknowledge that the guidelines are advisory and that he's not, and he acknowledged that. However, I think specifically when it came to sentencing Mr. Flores-Martinez on the supervised release violation and his thoughts on whether or not he had the discretion to run that sentence concurrent or consecutive, it's clear that he's looking at 71.3 as something that he's going to adhere to no matter what. He's not going to exercise his judicial discretion when it comes to whether or not he's going to follow that policy guideline. And in that sense, he treated it as mandatory. Well, if it was that clear, why wasn't there an objection? And, Your Honor, I objected to the sentence being unreasonable. But not to that he thought the guidelines were mandatory and didn't exercise discretion. And while the objection admittedly was not specific to that exact point, I think it was enough to put the court on notice that we disagreed with the court's sentence as far as it running those two terms of imprisonment consecutive. And I would point out that at the time the objection was made, the sentencing judge had already made a statement, I don't believe in two for ones, which again goes to our argument that this judge was not in a position to adequately consider the individual factors under United States Code, 18 United States Code section 3553 and conduct an individualized sentencing when it came to whether or not he should run these two sentences concurrently or consecutively. He clearly, from the get-go, was predisposed to not give Mr. Flores-Martinez the chance to make argument and have that argument be considered for those two sentences to run concurrently. And so I think that the objection was preserved in that sense, Your Honor. Rule 51 is pretty clear when it tells a party what it needs to do to put the court on notice what they think that the error is. And here the error was that the court didn't appropriately analyze the 3553 factors and that was unreasonable. Well, he says he's been warned time and time again and he hasn't received that warning and I don't believe in two for ones. A term of supervised release will not be reimposed in this matter. And he's saying the reason I'm making it to run consecutively rather than concurrently is that this is a repeat reentry defendant and we've already tried giving him supervised conditions of release in addition to a sentence and we're now trying to find some other way to impress upon him to stop illegally reentering the United States. I mean, it sounds to me like that's considering the factors. And, Your Honor, I would submit that although he did say that preceding his statement that he doesn't believe in two for ones, the way I understood it to be at the time and the way I reread the transcript is that his statement, I don't believe in two for ones, is sort of a standalone argument. He's explaining, yes, he's been warned time and time again and he hasn't received that warning. However, separate and apart from that, this judge doesn't believe in two for ones, meaning that he doesn't believe that concurrent sentences are appropriate. With respect to the reasonableness of the sentence, Your Honor, I believe that reasonableness is the standard of review here. The probation office in writing the PSR found that a term of 37 to 46 months was an appropriate sentence in this case. They identified two departures, one in Mr. Flores-Martinez's criminal history category and another under the reentry guideline itself which merited a departure in the offense level. And so although Mr. Flores-Martinez's guidelines initially were very high, probation did recommend that the applicable guideline range be 37 to 46 months. And the reason that Mr. Flores-Martinez argues today that a sentence of 56 months is substantively unreasonable is that it's outside that recommended range. There were a number of 3553 factors discussed both in Mr. Flores-Martinez's sentencing memorandum, again during sentencing, during his allocution, that supported a sentence no longer than 46 months. And so it's our position that sentencing Mr. Flores-Martinez outside that recommended range was unreasonable. Mr. Flores-Martinez is someone who at one point in time did reside legally in the United States. Unfortunately, his legal permanent residency was revoked when he was convicted of burglary in the 1980s. And while we recognize that Mr. Flores-Martinez does have a significant criminal history, I think it's very important to point out that the district court judge found and probation found that not only was criminal history category 6 significantly over-representative of who he is and what his criminal history looks like, but also that the district court judge found that there was not a reasonable likelihood that he was going to commit crimes in the future because his significant criminal history largely dates back to when he was in his late teens and early 20s. Any recent criminal history constitutes immigration offenses. But the district court did depart downward on his sentence for the new violation. The district court judge did depart downward. The district court judge found that the applicable guideline range was 46 to 57 months. And again, we would submit that that's unreasonable because had Mr. Flores-Martinez not been in criminal history category 6, had he not received a 25-year sentence when he was in his early 20s for having been found at a flea market in possession of items that were stolen from a home, which the court and probation recognized is a sentence that doesn't reflect the seriousness of that offense, he would have been in criminal history category 5, and he would have been eligible for the fast-track plea agreement, which would have entitled him to another decrease in the offense level, which then would have put him in the range that probation recommended, which was 37 to 46 months. And so I think the reason that the sentence is substantively unreasonable is that 56 months is not necessary as an unreasonable sentence given that he's not someone who has shown a likelihood to commit crimes in the future other than the potential for immigration crimes. Now, as far as the procedural unreasonableness of the sentencing, we have discussed that a little bit already, but I want to just go back and reiterate that when the sentencing judge indicated that he was predisposed not to give a concurrent sentence, and then when he later claimed in 7B1.3 basically says that I have to run these two sentences concurrently, that was an error, and it was a procedural error. And again, I believe that preservation, we did preserve the objection here. We preserved the error, and I think that the standard is one of reasonableness. However, if the court were inclined to find that Mr. Flores-Martinez did not preserve, I think that we also can meet the standard under plain error review. And the reason for that, Your Honor, is that the error that took place here, which is that the district court judge failed to exercise discretion, that is an error. It's an obvious error. When he said he doesn't believe in two-for-ones and until a sentencing commission changes their policies, he's not going to change the way he sentences. In that sense, the error was plain. The third prong requires that Mr. Flores-Martinez show that this affected his substantive rights. Now, number one, he had the right to be sentenced in front of a judge who was prepared to exercise his discretion and not a judge who was predisposed to treat a guideline policy statement as mandatory. Are you arguing bias? Your Honor, I think that the sentencing judge did evince a predisposition to not grant two-for-ones or essentially not grant the possibility for concurrent sentences. And so I think that is a form of bias. But I think that ties in to his treating this 7B1.3 guideline policy as mandatory. And so I think that the two, both his predisposition to not impose concurrent sentences and the way he looks at this guideline need to be looked at in tandem. It seems like they're a little inconsistent, the bias argument, because the bias argument presumes that he knows that he could choose to impose concurrent sentences, but his personal belief is I don't believe in two-for-ones. Aren't those arguments inconsistent? And I do recognize the inconsistency there, Your Honor, but I think that the sentencing judge invited that inconsistency. And we can't get into his plan. What do you mean he invited it? He either knew or he didn't know, which is your argument is he didn't even understand that he could impose them concurrently. Well, I think... But you're also arguing that he had a personal view that they shouldn't be imposed concurrently. And if it's mandatory, he doesn't really need to have a view one way or the other. Why would he even express a view? And I think to answer that question, it seems that his interpretation of 7B1.3, maybe that's the basis for his personal view. Either way, whether or not he is biased and doesn't believe in concurrent sentences and maybe is justifying that by saying, and there's this guideline policy out there that says I have to do it anyways, I don't think that they're inconsistent or irreconcilable in that sense. And if the Court has no further questions, I would like to reserve the remainder of my time. Thank you. Thank you. Good morning again, and may it please the Court, Counsel. When Mr. Flores-Martinez was on supervised release for his third illegal reentry offense, he committed his fourth illegal reentry offense, and that was a violation of the terms of his supervised release. And for that violation, he was sentenced to a guideline term of 10 months imprisonment, run consecutively to his sentence for the illegal reentry offense. That supervised release sentence, which is the only sentence that is on appeal today, was reasonable in every respect. Now, first, Mr. Flores-Martinez raises two procedural objections to his sentence. Those are both reviewed for plain error because nothing he said to the District Court conveyed the substance of the complaints that he's now raising on appeal. Now, as to his first argument, the District Court here did not treat the guidelines as mandatory, which I submit is an error that is very unlikely to have occurred in 2019. As Judge Briscoe mentioned a few arguments back, Booker was a long time ago. Beyond that, judges are presumed to know the law. There's nothing on this record that would rebut that presumption. What Flores-Martinez points to is the District Court's comment near the end that the sentencing commission or that the guidelines recommend and direct that the sentence be run consecutively. And that is a reference to the very strong language that the guidelines use. The guidelines unusually say shall in this situation. It is not an indication that the court thinks that the guidelines are a guideline that was never mandatory are now mandatory. And Mr. Flores-Martinez also- So should the guideline be amended? Remove the word shall? Because often when we read the word shall, we think we have to do it. I don't think that the guideline needs to be amended. Again, this guideline was never mandatory. So there was never a concern that a district judge would read shall and think I have no discretion. I think that that's the sentencing commission's way of saying we really mean it. If we don't have consecutive sentences for supervised release revocations, then there is no penalty for violating supervised release when that new violation is a violation of the law as well. What do you think the District Court meant when he said it was directed? I understood what he meant when he said it was recommended, but what did he mean by directed? I think directed in that the sentencing commission is directing district courts. Right. I mean, he means- Matter of semantics. Language. The language says directed, but that doesn't mean that he believes that the sentencing commission constrains his authority. I think it's a recognition of the strength of the sentencing commission's recommendation. Perhaps, but doesn't that put you in a worse situation then or your argument is weaker then with respect to the personal bias argument? He understands that it's recommended, but he says, but it's still directed. Essentially the language is shall. And by the way, I don't believe in two for ones. So I personally kind of agree with the direction that the commission is telling me to go. It's kind of how you might interpret that. And that's improper, isn't it? Plainly. No, it's not improper. His personal view of not believing in two for ones? No, that's not improper at all. District courts are free to take policy disagreements with the guidelines. Those are personal disagreements with the guidelines. If that's not improper, how can it be improper to agree with the guideline? How can it be improper to say, I think the sentencing commission has done a good job here and I agree with the personal policy or I personally agree with the policy? That's not really what he said. I don't think that's exactly what I would imply from I don't believe in two for ones. It sounds more like a personal opinion. I don't believe in giving him that benefit. If the judge had said instead of I don't believe in two for ones, if the judge had removed I from it and said if he gets a two for one, that means that he's not having any additional deterrence from the condition of his supervised release. That would be different, but we don't have that. I think that those are really a semantic difference. And it's simply not impermissible for the district court to have a policy agreement with the guidelines. This court has held that a district court is free to determine that any guideline is reasonable and entitled to considerable weight. That was in Wireman. It's simply not the case that when the district court has a personal feeling about sentencing, a policy position even, that the district court has to recuse from sentencing. Essentially every time a defendant asks a district court to discard a guideline on policy reasons, they're asking the court to take a personal policy stance against a guideline and to take a personal policy stance in favor of one is no more impermissible than it would be in the reverse. But I think here the district court actually has expressed yes, I agree with this policy of the guidelines, but then actually expresses even, goes further and says, if the guidelines were to change its stance, I might change mine too. And that indicates that the court actually places the policy of the guidelines above whatever personal feelings it may have. It supports the guideline policy on consecutive sentences, but even more than that, it supports the guidelines. And there are plenty of reasons that a district court may believe that following the guidelines has a solitary effect. Whatever flaws the guidelines may have, a district court is free to believe in the overarching purpose and goals of the guidelines. Just back to the mandatory versus discretionary decision here. If there were any ambiguity in what the district court was saying in the recommended and directed, that ambiguity cannot favor Flores-Martinez on plain error review. It was his burden to speak up and say, your honor, I think you may have just explained that you think that the policy statement is mandatory on you and I want to make sure that you know that's not correct and that you would have still made that decision. So this ambiguity does not help Flores-Martinez. If we were to move to other prongs of plain error here, he can't show any harm under the third prong. There's no indication that this district court wanted to be more lenient than it was. If the court wanted to give him a lesser sentence, but thought that it was bound by the Sentencing Commission's policy statement to impose a mandatory consecutive sentence, then it wouldn't have given a sentence in the middle of the guideline range. It would have done what it could to minimize the effect of this mandatory policy. But the district court clearly did not have that inclination. And then on the fourth prong of plain error review, Flores-Martinez hasn't made any attempt to address this court's en banc decision in Gonzalez-Huerta in which the court held that non-constitutional booker error does not meet the fourth prong of plain error review. If the court is interested in the government's plain error arguments beyond the first prong on the bias question, I would say on the second prong we don't have any plain error here because there's no case that says that this kind of comment is an error. He hasn't met the third prong either because even a judge with absolutely no personal views on the subject would still have to consider and weigh the guidelines policy. And on the fourth prong, this particular judge granted Flores-Martinez some extremely substantial departures which dropped his recommended low-end guideline sentence from 130 months on the underlying 1326 to 46 months. The district court then gave him the low end of that guideline at 46 months. No one could observe this record on the whole and come away with the impression that this district court subjected Flores-Martinez to a manifest injustice or in any way was biased against him. If the court doesn't have any questions on substantive reasonableness, then I would be happy to rest on the briefs. Thank you. Thank you, Your Honors. I would just like to reiterate that we are not trying to make the claim that this judge was under the impression that Booker wasn't in effect, that he wasn't aware that the guidelines are advisory. However, I don't think that that's inconsistent with him then saying and treating this policy guideline statement as mandatory. Not only did he say, was he recommended or directed, but he said until the Sentencing Commission changes its stance, that's how I'm going to sentence. Now, with respect to preservation, I would like to draw the court's attention to the transcript and look at the exact wording that was used by myself and also by the sentencing judge. At the time that I objected, I said, and I would submit, Your Honor, that this sentence is unreasonable. I gave my reasons. And then the judge sort of copied my language and said, and I would submit counsel. And then he went on to reason that because there's this policy statement that says these types of sentences should be consecutive and until the Sentencing Commission changes its stance, this is how I'm going to sentence Mr. Flores-Martinez. That sort of created a situation of futility. And so at that point in time, the sentencing judge was just explaining his reasoning. But if your impression was that he felt like he had no discretion with respect to consecutive or concurrent, you've got to make that plain. You've got to raise that at the sentencing hearing. I mean, I've read this transcript repeatedly, and it's sure not apparent to me that that's what the argument was. And, Your Honor, I think even if we have other arguments, and principally that being that the sentence outside the recommended guideline range was substantively unreasonable because it was too long. So assuming we're under plain error, what do you do about the fact that this is a non-constitutional Booker error? Well, Your Honor, I think that the fourth prong requires us to look and see whether or not this undermines the integrity of the judicial system. And so when a judge refuses to exercise the discretion that he has, there is an error there, and it's reversible error. And I see that I am out of time. Thank you, Your Honors. Thank you. Thank you both for your arguments this morning. The case is submitted.